UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARELIOUS RAY REED,

    Plaintiff,

v.                                        Case No. 12-cv-10084
                                          Hon. Mark A. Goldsmith
                                          Mag. Judge Laurie J. Michelson

36th DISTRICT COURT,

    Defendant.
_____/

**REPORT AND RECOMMENDATION TO DISMISS CLAIMS AND ORDER DENYING PLAINTIFF'S APPLICATION FOR APPOINTMENT OF COUNSEL (DKT. 3)**

**I.  Background**

Arelious Ray Reed ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court on January 9, 2012, alleging that, on January 19, 2009, he was falsely arrested and falsely accused of criminal charges by the Detroit Police Department. (Dkt. 1.) On February 24, 2009, Plaintiff had a preliminary examination on these charges in the 36th District Court in Detroit, Michigan. Plaintiff alleges that his First Amendment rights were violated because the presiding judge did not let him talk, cut him off, and bound him over for trial on the allegedly false charges. (*Id*.) Plaintiff claims that he spent 60 days in jail and lost his job as a result. (*Id*.) He further claims he was acquitted on March 20, 2009. (*Id*.) In this lawsuit, Plaintiff identifies the 36th District Court as the only defendant and seeks $29,130,000 in damages. Plaintiff is proceeding *in forma pauperis*. (Dkt. 4.) The case has been referred to this Court for all pretrial proceedings. (Dkt. 5.)

## II.     Analysis

On the same day that Plaintiff filed this lawsuit against the 36th District Court, he filed a separate, yet virtually identical lawsuit against the 45B Judicial District Court. *Reed v. 45B Judicial District Court*, No. 12-10085, 2012 U.S. Dist. LEXIS 10787 (E.D. Mich. Jan. 30, 2012). Plaintiff alleged that he was falsely arrested and falsely charged by the 45B District Court and that his constitutional rights were violated during his preliminary examination. (*Id.*) In summarily dismissing the case, District Judge Paul D. Borman ruled:

> In cases where a plaintiff has filed an application to proceed without prepayment of fees, the Court must consider, pursuant to 28 U.S.C. § 1915(e)(2)(B), whether the action is frivolous or fails to state a claim upon which relief can be granted. Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson* v. *Yaklich,* 148 F.3d 596, 600 (6th Cir. 1998).
>
> In *Pucci* v. *Nineteenth District Court,* 628 F.3d 752 (6th Cir. 2010), the Sixth Circuit held as follows: "The Nineteenth District Court (as with Michigan trial-level district courts generally) is entitled to the immunity protections of the Eleventh Amendment, and all federal claims against it must be dismissed." *Id.* at 764.
>
> The only Defendant named in the Complaint is the 45B Judicial District Court, which is a Michigan trial-level district court. Accordingly, pursuant to the Sixth Circuit's holding in *Pucci,* Defendant is entitled to sovereign immunity under the Eleventh Amendment. Plaintiff's Complaint thus fails to state a claim upon which relief can be granted and will be dismissed.

(*Id.* at * 2-3); *see also Dolan v. City of Ann Arbor,* 407 F. App'x. 45, 46 (6th Cir. Jan. 12, 2011) (affirming district court's finding that, as an arm of the state, the district court in the City of Ann Arbor was protected by sovereign immunity from the plaintiff's lawsuit alleging violations of the Family Medical Leave Act). Since *Pucci* (and *Dolan*), numerous Courts in this District have dismissed claims against Michigan trial-level district courts on immunity grounds – including the 36th District Court. *See Rodgers v. 36th Dist. Court*, No. 10-11799, 2011 U.S. Dist. LEXIS 94715,

at *10-11 (E.D. Mich., Aug. 24, 2011) ("Based on *Pucci,* the Court is compelled to agree with the Defendants that the 36th District Court is entitled to the protections of sovereign immunity."); *Bey v. 36th District Court*, No. 11-10853, 2011 U.S. Dist. LEXIS 149793 (E.D. Mich. Dec. 30, 2011) (holding that, based on *Pucci*, the "Thirty-Sixth district court is entitled to immunity from suit and must be dismissed from this action"); *Englar v. Davis,* Nos. 04-73977, 04-73957, 2011 U.S. Dist. LEXIS 40662 (E.D. Mich. April 14, 2011) (accepting stipulation from parties, in light of *Pucci*, that the district court and its chief judge were entitled to immunity under the Eleventh Amendment based on the action brought against her in official capacity).

Therefore, "Defendant is entitled to sovereign immunity under the Eleventh Amendment. Plaintiff s Complaint thus fails to state a claim upon which relief can be granted and [should] be dismissed." *Reed*, 2012 U.S. Dist. LEXIS 10787 at *3. As a result, the Court will also deny Plaintiff's Application for Appointment of Counsel. *See Lavado* v. *Keohane,* 992 F.2d 601,606 (6th Cir. 1993) (noting that appointment of counsel in a civil case "is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim." (citations omitted)).

### III. Conclusion

For the reasons set forth above, the Court (1) RECOMMENDS that Plaintiff's Complaint be DISMISSED WITH PREJUDICE and (2) DENIES Plaintiff's Application for Appointment of Counsel. (Dkt. 3.)

### IV. Filing Objections

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

        s/Laurie J. Michelson  
        LAURIE J. MICHELSON  
        UNITED STATES MAGISTRATE JUDGE

Dated: February 8, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 8, 2012.

        s/Jane Johnson  
        Deputy Clerk